ARTHUR H. BURNS, SR. *et al. vs.* WILLIAM BRIGHTMAN *et al.*

MAY 19, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(*1*)   *Master and Servant. Presumption of Employment.*

In a personal injury case, charge of the court that as defendants had admitted the automobile was theirs, if no other evidence was produced this was a *prima facie* case which would warrant the jury in drawing the conclusion that the person in charge of the machine was engaged in the employment of defendants, but as defendants had testified that the driver was not their servant and in their employ, this issue was to be decided upon considera-tion of all the testimony, was proper, as the presumption referred to by the court meant simply that plaintiffs had introduced sufficient evidence to require defendants to present their case, and this having been done the jury were to decide the issue upon all the facts in evidence.

(*2*)   *Negligence. Measure of Damages. Death by Wrongful Act.*

In an action under Gen. Laws, cap. 283, § 14, to recover damages for the death of the intestate, charge that nothing could be given by way of solace for wounded feelings or for the bereavement suffered or for the pain and suffering of deceased or for the loss of the society of the wife and mother but that the measure of damages was the pecuniary loss sustained which

was the present value of the net result remaining after the personal expenses were deducted from the income or earnings of deceased and that to ascertain this it was necessary to ascertain first the gross amount of such prospective income or earnings and then to deduct therefrom what deceased would have expended as a producer to render the services or to acquire the money that she might be expected to produce, computing such expenses according to her station in life, her means and personal habits and then to reduce the net result so obtained to its present value, correctly stated the rule.

*(3)   Death by Wrongful Act.   Damages.*

Gen. Laws, cap. 283, § 14, of death by wrongful act covers the case of a married woman, not engaged in an income producing occupation, but whose time and energy were devoted to the maintenance of her household and the care of her husband and children, and the rule of damages is the same.

*(4)   Death by Wrongful Act.   Construction.*

As the action given by Gen. Laws, cap. 283, § 14, is statutory, its construction in regard to details not expressly provided for by the terms of the act, unless a contrary intent appears therein, should be in accord and in harmony with the other laws of the state.

*(5)   Death by Wrongful Act.   Evidence.*

In an action under the statute for death by wrongful act, evidence of standard life tables and tables showing the present value of a dollar for various terms of years were properly admitted.

*(6)   Death by Wrongful Act.   Damages.*

In an action for death by wrongful act, where deceased was not engaged in an income producing occupation but devoted her time to the maintenance of her household and the care of her husband and children, and there was evidence of the value of such services as deceased performed, according to the prevailing rate of wages, but no evidence of the expense deceased would have had to incur to produce her income, there was no sufficient evidence upon which real damages could be computed.

VINCENT, J., dissenting.

ACTION UNDER THE STATUTE for death by wrongful act. Heard on exceptions of defendants and sustained, on exception to refusal to grant a new trial.

STEARNS, J.   This is an action brought under the statute (Gen. Laws, 1909, Chap. 283, § 14) by Arthur H. Burns and his children, to recover damages for the death of Julia Burns, the wife of Arthur H. Burns and mother of the children, which is alleged to have been caused by the negligence of a servant and agent of the defendants.

After a jury trial, which resulted in a verdict for plaintiffs for $7,000, and a denial by the trial justice of defendants' motion for a new trial, the case is now in this court on the defendants' bill of exceptions.

Mrs. Burns, while crossing Thames street in Newport, was struck by an automobile which was driven by one John H. Killian and received injuries, which a few months later resulted in her death. It is admitted that the accident was caused by the negligence of Killian, but defendants deny that he was their servant and agent.

The defendants Brightman and Chase, who were partners, had the exclusive privilege of soliciting for the passenger business on Commercial Wharf in Newport. At the time of the accident Killian was driving an automobile which belonged to defendants and for which defendants held a license from the city of Newport to operate as a public vehicle. On the morning of the day of the accident, Killian went to the garage of defendants and later drove defendants' automobile to Commercial Wharf, where, upon the arrival of the steamer from Providence, he took certain passengers into the automobile and then started to drive through Thames street and there ran over Mrs. Burns. Neither Killian nor the other occupants of the car were witnesses at the trial, and it does not appear that any particular effort was made to secure their attendance. Defendants claim that the automobile was rented by Chase to Killian for the day for his own use and that the occupants of the car were his friends. Plaintiffs claim that Killian was the servant of defendants, engaged in carrying on their business and there was evidence of certain admissions to that effect made by defendants. The latter deny making any such admissions. This issue was one of fact and the jury found that Killian was the agent of defendants and was acting within the scope of his employment at the time of the accident. The trial justice has approved this finding, and the evidence is sufficient to support the finding.

Exception is taken by defendants to a part of the charge to the jury in which the trial justice stated in substance (1) that, as defendants had admitted the automobile was theirs, if no other evidence was produced this was a *prima facie* case which would warrant the jury in drawing the conclusion that the person in charge of the machine was engaged in the employment of defendants, but as the defendants had testified that Killian was not their servant and in their employ, this issue was to be decided upon consideration of all the testimony. The presumption referred to by the trial judge which made a *prima facie* case, meant simply that plaintiffs had introduced sufficient evidence to require defendants to present their case. This having been done, the jury was instructed to decide the issue upon all of the facts in evidence. There is no merit in this exception.

At the conclusion of the testimony defendants requested the court to direct a verdict for defendants on two grounds: 1, that there was no evidence that the driver of the automobile was the servant of defendants; 2, or, if he was their servant, that he was engaged in their business at the time of the accident. Defendants' exception to the refusal to direct a verdict is overruled. The evidence was conflicting on these issues of fact and the decision of these issues was properly left to the jury.

On the question of damages the court charged the jury that nothing could be given by way of solace for wounded (2) feelings, or for the bereavement suffered, or for the pain and suffering of the deceased or for the loss of the society of the wife and mother; that the measure of damages was the pecuniary loss sustained, which was the present value of the net result remaining after the personal expenses were deducted from the income or earnings of the deceased; to ascertain this it was necessary to ascertain first, the gross amount of such prospective income or earnings and then to deduct therefrom what the deceased would have expended as a producer to render the services or to acquire the money that she might be expected to produce, computing such

expenses according to her station in life, her means and personal habits, and then to reduce the net result so obtained to its present value. This is a correct statement of the rule as established in *McCabe* v. *Narragansett Electric Lighting Co.,* 26 R. I. 427, 27 R. I. 272; *Reynolds* v. *Narragansett Elec. Lighting Co.,* 26 R. I. 457; *Dimitri* v. *Cienci & Son,* 41 R. I. 392.

To this portion of the charge defendants took an exception as follows: "to that portion of the charge which relates to the damages in which Your Honor charged the jury that the rule was that there should be deducted from the earning capacity the amount it would be necessary to enable the plaintiffs' intestate to produce that income, on the ground that there was no evidence of what it would cost her to produce that income." By this exception defendants do not apparently question the basis of the conputation of damages, namely, the earning capacity of deceased. The objection is not stated very clearly, but as exception is also taken to the refusal of the trial justice to grant a new trial on the ground that the verdict was against the law and that the damages are excessive, we think the question is fairly raised as to whether plaintiffs have offered the necessary proof of damages to sustain the verdict.

The first question is, Does the statute provide for the recovery of damages for the death of a married woman, who (3) at the time of the accident is not engaged in an income producing occupation but whose time and energy are devoted to the maintenance of her household and the care of her husband and children? We answer this in the affirmative. The claim is that as the deceased was a housewife and was not engaged in any gainful occupation, there was no pecuniary loss caused to her estate by her death; that it is not sufficient to establish the fact that deceased had an earning capacity at the time of her death but there must also be proof of an actual loss of income which deceased was earning at that time; that the services of the deceased, although of value to her husband, were rendered

without expectation of financial return and presumably would continue to be so given until the end of her life and consequently her estate suffered no financial loss by her untimely decease. But why should this presumption be made for the benefit of the wrongdoer? If the husband should die or become incapable of supporting his wife, the wife would then have to support herself. There is no presumption that the husband will survive his wife. The mere fact that the person for whose death the action is brought was not at the time of death actually engaged in accumulating property or earning an income does not bar the right of recovery. If this were a bar to the action, the representatives or beneficiaries of a person who had given his services to charities or to the public would have no action. A construction of the act which led to such a result would, to a large extent, defeat the intent of the act. Under the common law the husband is entitled to the services of his wife and in return he is under the obligation to support her. Chapter 246, General Laws, provides that a married woman may carry on any trade or business as if she were single and unmarried, with the expressed exception that she cannot enter into any trading partnership with her husband. By this, and other statutes, the common law status of husband and wife has been much changed, although the effect of these statutes is not entirely to displace the common law. In *McElroy* v. *Capron*, 24 R. I. 561, it was said that the intent of this legislation is to place the married woman substantially on the same basis as a single woman as far as her legal rights and obligations are concerned. In *Smith* v. *Smith*, 20 R. I. 556, it was held that a married woman could maintain an action of trover against her husband for the conversion by him of her household furniture and other personal property. In *Phillips* v. *Phillips*, 39 R. I. 92, the right of the wife to enter into a contract with her husband was affirmed.

It thus appears that a married woman now in many respects is treated in law as if she were single. She is

entitled to the benefit of her own earning capacity whenever she elects to exercise the right. In the absence of any such election her services still belong to her husband and he, not she, is entitled to sue for loss of such services. *Larisa* v. *Tiffany*, 42 R. I. 148. As the earning capacity of the wife belongs to her individually and is, in a certain sense, her property, defendants should not be permitted to escape liability for the destruction of such property right by reason of the fact that the wife has seen fit for the time being to give her services to her husband and family.

The action is one created by statute and is based on a new legal right which arises after death. The amount of the damages recovered is not assets of the estate and is not subject to the payment of estate debts or liabilities. Although, as held in *McCabe* v. *Narragansett Electric Lighting Co.*, and other cases cited, the amount of recovery is to be measured on the basis of the loss to the estate and not to the beneficiaries individually, yet the purpose of the act is not solely to enrich the estate of deceased as such, but also to provide for and distribute to the designated relatives of deceased a legal compensation for the loss caused by the wrongdoer. As the action is statutory, the construction of the statute in regard to details not expressly provided for by the terms of the act, unless a contrary intent appears therein, should be in accord and in harmony with the other laws of the state. The provision that one-half of the damages shall go "to the husband or widow" indicates an intention to establish an equality in the right of action given to the widow or to the surviving husband. At the time of the enactment of the statute, the majority of wives were not engaged in separate pursuits for their own enrichment and we see nothing in the act which requires such restriction of its benefits as is claimed by defendants. It is true that there is of necessity in many cases an unavoidable lack of certainty in the exact measurement of the damages, but this is not a valid argument for the denial of any recovery at all. The uncertainty in regard to earning

capacity and damages which exists in actions for the death of a minor, for loss to his estate after the time when he or she would have attained majority, is much greater than in the case at bar, but the right to recover for such loss is established. *Dimitri* v. *Cienci & Son, supra.*

Having come to the conclusion that there is a right of action given by the statute, we think the rule of damages is the same in this case as in other cases brought under the statute. As the right of plaintiffs to recover damages is based on the right of the deceased to use her earning capacity for her own benefit, we think for the purpose of fixing the damages the right of recovery upon the death of the wife should be the same as if she were a single woman, and that all of her necessary expenses in acquiring an income should be deducted from the total of her gross income. The present value of the net income is the correct measure of damages. Evidence of standard life tables and tables showing the present value of a dollar for various terms of years was properly admitted. From the testimony it appears that such services as deceased performed in the household would, according to the prevailing rate of wages, cost from ten to twelve dollars and upwards a week. But there was no evidence of the expense the deceased would have to incur to produce her income; consequently, there was no sufficient evidence upon which real damages, as distinguished from nominal damages, could be computed.

There was no reversible error in the trial or in the charge to the jury, but we think the trial justice erred in his refusal to grant a new trial. Judged by the law as correctly stated to the jury by the trial justice, the plaintiffs failed to produce the proof essential to the legal ascertainment of damages. As the verdict thus lacks the support of the necessary evidence to sustain it, it is contrary to law and should have been set aside by the trial justice. Defendants' exception on this point is sustained. The other exceptions are overruled.

The case is remitted to the Superior Court for a new trial.

Vincent, J., dissenting. By the majority opinion this case goes back to the Superior Court for the reason that the testimony presented to the jury did not furnish a sufficient basis upon which the damages could be properly assessed.

The cases of *McCabe* v. *Narragansett Electric Lighting Co.,* 26 R. I. 427, *Reynolds* v. *Narragansett Electric Lighting Co.,* 26 R. I. 457, and *Dimitri* v. *Cienci & Son,* 41 R. I. 392, establish certain rules which must be complied with in ascertaining the amount of damages to which parties would be entitled in certain cases.

The measure of damages is the pecuniary loss sustained. The law does not recognize such damages as being in the nature of a penalty for the commission of a wrongful act on the part of a defendant.

Under the rule fixed by the above cases it is necessary to show the gross earnings and the personal expenses. The net earnings may then be ascertained by deducting the expenses from the gross amount. Taking the net result thus obtained and finding the expectation of life, the present value may be ascertained.

The plaintiffs in the case at bar offered testimony to the effect that a woman hired to perform the duties which devolved upon the deceased as a wife and mother would command a wage of fifteen dollars per week but they failed to show anything as to her personal expenses and for that reason the majority of the court finds that the jury was without evidence indispensable to the proper assessment of damages.

I make no criticism of the before-mentioned cases either as to their requirements or their applicability to situations where a pecuniary loss has been sustained.

In the present case no actual pecuniary loss has been shown. The husband and next of kin of the deceased have joined in a suit to recover such damages as have resulted to her estate by reason of her death. They are persons pointed out by the statute as entitled to sue for the benefit of her estate and nothing more.

The deceased at the time of her death was fifty-four years of age. She was a wife and mother who, during her married life, had devoted herself to her husband and children. Her services belonged to her husband and not to her estate. It was her duty to work for him, a duty imposed by the marriage relation. On the other hand, it was the duty of her husband to support her. These reciprocal duties the majority opinion acknowledges. The services which she rendered could not increase her estate nor could her expenses diminish it. She had no personal expenses which she was called upon to defray and she could not earn anything by rendering the services to her husband. Any contract which she might make with him for compensation for such services would be void.

In this situation the majority opinion holds that the husband might die first and the wife would then be obliged to support herself or that she might quit her family and become a wage earner. This is pure speculation. It cannot be inferred that the husband would predecease and there is nothing in the testimony from which any inference could be drawn that the wife would desert her family and go forth to earn her own living.

There is no statute in this state authorizing a recovery except for pecuniary loss, the majority opinion to the contrary notwithstanding. The opinion says, "Does the statute provide for the recovery of damages for the death of a married women, who at the time of the accident is not engaged in an income producing occupation but whose time and energy are devoted to the maintenance of her household and the care of her husband and children? We answer this in the affirmative." Such statute cannot be pointed out. Therefore, for this court to say that a recovery can be had for the benefit of the estate of the deceased, when the testimony clearly shows that no pecuniary loss has been or is likely to be suffered by her estate, amounts to judicial legislation.

The majority opinion says that the contention of the defendants is, "that the services of the deceased, although of value to her husband, were rendered without expectation of financial return and presumably would continue to be so given until the end of her life and consequently her estate suffered no financial loss by her untimely decease," and adds interrogatively, "But why should this presumption be made for the benefit of the wrongdoer?" The answer to that is twofold. In the first place the damages recoverable are by way of compensation for pecuniary loss and not as a penalty for wrongdoing and secondly, the only natural and reasonable presumption is that a woman fifty-four years of age who had always been devoted to her husband and family would continue to serve them, there being no suggestion of any intent or desire on her part to do otherwise.

Again the majority opinion says, speaking of a wife, "She is entitled to the benefit of her own earning capacity whenever she elects to exercise the right. In the absence of such election her services still belong to her husband and he, not she, is entitled to sue for loss of such services." She had never expressed, so far as appears, by word or act, the slightest intention or desire to avail herself of that privilege nor does it appear that she ever expressed any dissatisfaction with her situation and surroundings.

Other portions of the opinion might be discussed but I think I have said enough to clearly indicate my views. I think the case should be remitted to the Superior Court with direction to enter judgment for the defendants.

*Pettine & DePasquale,* for plaintiffs.

*Waterman & Greenlaw, Ralph M. Greenlaw, Charles E. Tilley,* for defendant.